IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT ALLEN,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | 25-cv-435-wmc |

CODY D. KANABLE, NIKKI GRACE,
GREEN COUNTY JAIL AND STAFF,
LESLIE BOYLE, JOHN SCHUETZ,
LIZ LECK, and PROBATION AND PAROLE
DEPARTMENT OF GREEN COUNTY,

Defendants.

Plaintiff Robert Allen, who is representing himself and is incarcerated at the Green County Jail as part of a Huber work-release program, alleges that the sheriff, jail staff, and his probation and parole agent violated his rights by not allowing him to attend a court-ordered alcohol and drug addiction ("AODA") group at the Green County Human Services Building. Because plaintiff is incarcerated and has not prepaid the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A. The court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. The court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the reasons below, plaintiff's complaint will be dismissed with prejudice for failure to state a federal claim upon which relief may be granted.

OPINION

Plaintiff Robert Allen alleges that his sentence for at least three different felony

convictions in Green County Case Nos. 2023CF200, 2024CF112, and 2024CF007 included Huber work-release privileges and court-ordered alcohol and drug counseling. For the first six-and-a-half months of his sentence, he attended an in-person AODA group at the Green County Human Services building near the jail. Then on May 7, 2025, he learned that he would no longer be able to attend the group because too many Huber participants had to walk across a bridge on Highway 81 to get there. Instead, jail staff offered him Alcoholics Anonymous meetings, which are only held at the jail once a month, if at all.

Plaintiff appears to sue the Green County jail, sheriff, staff, and probation and parole department under 42 U.S.C. § 1983, which imposes liability on any "person" who, acting under color of state law, violates the Constitution or federal law. *See Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (quoting 42 U.S.C. § 1983). He claims that defendants have violated his right to "seek help and wisdom for addiction in an AODA group." (Dkt. #1, at 3.) However, plaintiff's allegations fail to state a violation of his constitutional rights.

While plaintiff appears to believe that the AODA group he had been attending is an important part of his addiction recovery, prisoners do not have the right to educational, rehabilitative, or vocational programs under the Constitution absent conditions giving rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982). Here, nothing in the complaint suggests that plaintiff has been deprived of a basic human need to which he is entitled, as he complains only of the deprivation of the opportunity to participate in an AODA group outside the jail, which by itself does not constitute cruel and unusual punishment. *See, e.g., Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000) (no right to participate in rehabilitation program for sexual offenders); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (no right to participate in

2

educational programs, even where participation might lead to accrual of good time credits); *Lindell v. Moreno,* No. 23-cv-811-wmc, 2024 WL 5455737, at *3 (W.D. Wis. Sept. 10, 2024) (prisoners have no liberty or property interest in their rehabilitative activities, prison jobs, classifications, or assignments); *Goodwin v. Lockett*, No. 10-cv-251, 2011 WL 13210260, at *1 (S.D. Ind. Jan. 14, 2011), *aff'd*, 453 F. App'x 645 (7th Cir. 2011) (warden's rescission of approval to participate in drug abuse program did not violate prisoner's federally-secured right); *Knowlin v. Wurl-Koth*, No. 09-cv-531-wmc, 2010 WL 3584426, at *4 (W.D. Wis. Sept. 9, 2010), *aff'd sub nom. Knowlin v. Heise*, 420 F. App'x 593 (7th Cir. 2011) (noting in dicta that there is no right to drug or alcohol treatment).

Accordingly, plaintiff's complaint must be dismissed. While the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he can state a claim for relief in federal court.

## ORDER

IT IS ORDERED that plaintiff Robert Allen's complaint (dkt. #1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

Entered this 4th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3